SERGEANT C. WHITCHER *vs.* LUTHER P. SHATTUCK, JR.

In an action of replevin brought by the assignee of an insolvent debtor, the defendant may prove a mortgage to himself from the debtor, under an answer alleging that the goods replevied are his property, and not the property of the plaintiff.

In an action of replevin brought by the assignee of an insolvent debtor, the defendant, who claims under a mortgage from the debtor by which the possession and control of the goods are secured to the mortgagor until after default, may show by parol evidence that the mortgagor has waived this right, and allowed him to take possession of them.

Evidence that an insolvent debtor was in good pecuniary credit in the town where he lived, at the time when a conveyance by him was made, is admissible upon the issue whether the grantee had reasonable cause to believe him insolvent.

A new trial will not be granted on account of a casual overstatement by the judge to the jury of the requisite degree of certainty in proving facts, if at the same time he states, in explanation of his meaning, the true rule of law.

REPLEVIN by the assignee of Luther Day, an insolvent debtor, of goods mortgaged by Day to the defendant. The plaintiff contended that the mortgage was in violation of the insolvent laws, and therefore void.

At the trial in the superior court, before *Ames,* J., the defendant, after stating the circumstances under which the mortgage was given, was permitted to testify, under objection, that, by agreement with Day, he took possession of the property upon the mortgage, and Day was to sell the goods, and pay as fast as he could realize money therefrom ; and to show, by other evidence, that Day was in good credit in the town where he lived, at the time when the mortgage was given.

The judge instructed the jury, amongst other things, that in deciding the question whether the defendant had reasonable cause to believe that Day was insolvent, and that the conveyance was in fraud of the insolvent laws, it was not enough that the facts might lead to a mere vague and general suspicion that all was not right between the parties, but that judicial certainty was requisite, that is, that the jury were to be reasonably satisfied that the defendant had reasonable cause to believe the insolvency and fraudulent purpose of Day.

The jury returned a verdict for the defendant, and the plaintiff alleged exceptions. Other material facts are stated in the opinion.

*W. L. Burt,* for the plaintiff.
*H. Carter,* for the defendant.

METCALF, J. The plaintiff's only objection to the reception of Day's mortgage in evidence is, that it was not admissible under the defendant's answer. His answer alleged that the replevied goods were his property, and not the property of the plaintiff. And as it was not necessary that he should set forth in his answer the evidence of his property in the goods, in order to render such evidence admissible on the trial, the objection cannot be sustained.

Nor can we sustain the objection to the admission of the defendant's testimony as to his taking possession of the mortgaged goods, and the disposition made of them, before Day (the mortgagor) was in default. Although, by the terms of the mortgage, Day had a right to keep possession of the goods, and use and enjoy them, till he should be in default, yet he might waive that right and any other right reserved to him by the mortgage, and make a new agreement with the defendant (the mortgagee) for any lawful disposition of the mortgaged goods. And it is not a legal objection to the validity of such new agreement, that it is not in writing. Chit. Con. (10th Amer. ed.) 115, and cases there cited. See also *Shearer* v. *Babson,* 1 Allen, 486.

The argument for the plaintiff assumed, what the bill of exceptions does not distinctly show, that the oral agreement on which the parties to the mortgage acted was made before the mortgage was executed, and was therein merged and thereby annulled. But if we were to adopt the plaintiff's assumption, it would not avail him. A waiver may be shown by acts or by omission to act, as well as by express agreement. And though one oral agreement may be annulled by a written one, yet another may be afterwards made, in the same terms, and will operate as a waiver of provisions in that written agreement, to the same extent as if no previous oral agreement had been made. Upon the testimony in the present case, the court have no doubt that Day, after the mortgage was made, by his acts, if not by express agreement, waived the right of retaining the exclusive possession and control of the mortgaged goods.

Whether, if it had appeared that the defendant wrongfully took possession of the goods, in violation of Day's rights, the plaintiff could have been entitled to maintain this action, is a question on which no opinion is required.

Evidence was rightly admitted that Day, at the time when he made the mortgage, was in good pecuniary credit in his neigh borhood. *Bartlett* v. *Decreet,* 4 Gray, 111. *Heywood* v. *Reed,* 4 Gray, 579, 580. *Carpenter* v. *Leonard, ante,* 32.

We are of opinion that the plaintiff has no legal ground of exception to the instruction given to the jury concerning the proof which it was necessary that he should produce in support of his action. The remark of the judge that there should, on the evidence, be "judicial certainty" that the mortgage was made in fraud of the insolvent laws, might have been objection- able, if it had not been explained by him. But he forthwith, and in the same sentence, stated to the jury what he meant by judicial certainty, to wit, that they were to be reasonably satis- fied that the defendant had reasonable cause to believe the in- solvency and fraudulent purpose of Day, &c. This rendered the instruction unexceptionable. *Exceptions overruled.*